V

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tim Seay
County Attorney
Potter County
Amarillo, Texas

Dear Sir:

Opinion No. O-1915
Re: Fine and costs in the Justice
Court — credit allowed for
jail service.

We are in receipt of your request for an opinion on the above subject, your question being substantially as follows:

"Where a person is convicted of a misdemeanor in Justice Court and the fine and costs are partly satisfied by time served in jail and offer is made to pay the balance in cash, what credit should be allowed for jail service?"

Upon investigation of the statutes relating to the satisfaction of fines and costs in misdemeanor cases, we find two different articles. The first is Article 793, Code of Criminal Procedure, as amended, the pertinent provisions of which read as follows:

"When a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine, if he is unable to pay the fine and costs adjudged against him, he may for such time as will satisfy the judgment be put to work in the workhouse, or on the county farm, or public improvements of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

8

the county, as provided in the succeeding
article, or if there be no such workhouse,
farm or improvements, he shall be imprisoned
in jail for a sufficient length of time
to discharge the full amount of fine and
costs adjudged against him; rating such
labor or imprisonment at Three Dollars
($3.00) for each day thereof; . . ."

Article 920 of the Code of Criminal Procedure reads
as follows:

"A defendant placed in jail on account
of failure to pay the fine and costs can
be discharged on habeas corpus by showing:

"1. That he is too poor to pay the
fine and costs, and

"2. That he has remained in jail a
sufficient length of time to satisfy the
fine and costs, at the rate of $3.00 for
each day.

"But the defendant shall, in no case
under this article, be discharged until
he has been imprisoned at least ten days;
and a Justice of the Peace may discharge
the defendant upon his showing the same
cause, by application to such justice;
and when such application is granted, the
justice shall note the same on his docket."

The Court of Criminal Appeals has recognized a dis-
tinction between the credit to be allowed for service in jail
under the two statutes. We direct your attention to the
fact that Article 793, supra, applies to the satisfaction of
judgments in misdemeanor cases in courts other than Justice
Courts. See Ex parte Fernandez, 57 S. W. (2d) 578; Ex parte
McLaughlin, 60 S. W. (2d) 786.

In the McLaughlin case, the conviction was in the
Corporation Court of El Paso. Article 793 was held appli-
cable, and the court makes the unequivocal statement that
"Article 920 applies alone to convictions before Justices
of the Peace."

Honorable Tom Seay, Page 3

Presiding Judge Morrow in the Fernandez case, wrote the following:

"The chapter in which Article 920, supra, appears is one having reference to a judgment of conviction in a criminal action before a Justice of the Peace. From what has been said it is apparent that the statutory enactments make a distinction on the subject in hand with reference to the conviction of a misdemeanor before the Justice of the Peace and the conviction of a misdemeanor in courts of higher jurisdiction. The reason for the distinction may be only a matter of conjecture. Since the statutory direction was definite in its terms, the duty of the court to apply it as written is mandatory. However, it may be said that the Justice Courts are limited by the Constitution (Article 5, Section 19) in criminal matters to a fine not exceeding $200.00 while under Article 5, Section 16, other courts are given jurisdiction in misdemeanors of much higher grade and with penalties far more severe."

Article 920 of the Code of Criminal Procedure, therefore relates particularly and applies particularly to Justice Courts.

A study of the opinion in the Ex parte Fernandez case, supra, will show that the court clearly recognized the principle that a person who had been convicted of a misdemeanor in the Justice Court, and who was serving his time in jail must remain in jail at least ten days and for a time sufficient to discharge his fine.

In an opinion written by Honorable William J. Fanning of this Department on March 21, 1939, (Opinion No. O-441), appears the following language:

"It is the opinion of this department that $3.00 per day is the proper rate for allowance or credit to be given prisoners who have been convicted of misdemeanors for serving time in jail, or for working out their fines as provided by law in

> Collingsworth County, Texas. It is the
> further opinion of this department that
> Article 920 of the Code of Criminal Pro-
> cedure of Texas applies only to convictions
> obtained in Justice Courts but the same
> is mandatory as applied to Justice Courts.
> For example, A, B, and C are all convicted
> in Justice Courts for misdemeanor. A's
> fine and costs amount to $15.00; B's fine
> and costs amount to $30.00 and C's fine
> and costs amount to $45.00. Under Article
> 920 of the Code of Criminal Procedure,
> although said Article allows $3.00 per day
> for jail service, said article further pro-
> vides a minimum of ten days imprisonment.
> A must serve the minimum of ten days; B
> must serve ten days. B's fine and costs
> amount to $30.00 which divided by $3.00
> would make ten days. C's fine and costs
> amount to $45.00; he is allowed $3.00
> per day; he must serve 15 days."

We fail to find where our Texas Court of Criminal
Appeals has passed upon the exact question you submit. How-
ever, we respectfully call your attention to the last sen-
tence of the opinion of Ex parte Hill, 15 S. W. (2d) 14, in
which the court recognizes that prisoners should be given
credit on their fines and costs for service in jail or in
the workhouse or other public works. In that case the court
states that where a defendant has been indicted for a felony
and convicted for a misdemeanor the defendant shall be dis-
charged upon serving of the jail sentence, or fine and costs,
at the credit rate of $3.00 per day, or after serving the
fine and jail sentence upon the payment "of whatever balance
is due thereon." We know of no reason for a different rule
where the original prosecution was for a misdemeanor in
any court having jurisdiction thereof. In the Hill case the
Court of Criminal Appeals definitely recognizes the right
of a convict to serve part of his time in jail and pay the
balance in cash.

In arriving at the proper credit to be allowed
for service in jail under a conviction in the Justice Court,
we must observe the provisions of Article 920, Code of
Criminal Procedure, supra, that "the defendant shall, in
no case under this Article, be discharged until he has been

Honorable Tom Seay, Page 5

imprisoned at least ten days;".

It is, therefore, our opinion that a prisoner convicted in the Justice Court, when his total fine and costs is a sum under $30.00 should receive credit for only one-tenth of the total amount for each day he serves. To illustrate, and carry Mr. Fanning's example further, A, whose fine and costs amount to $15.00 should receive credit for $1.50 for each day served in custody; should he elect to pay the balance of his obligation in cash after five days in jail, he should be required to pay $7.50 in cash.

In a letter opinion written August 20, 1955, by Honorable Leon Moses, Assistant Attorney General, to Honorable D. B. Wood, County Attorney of Williamson County (Vol. 366, Letter Opinions, page 656), it was held in any case in Justice Court where the fine and costs are less than $30.00, the proper and reasonable way to allow credit for time spent in jail would be to divide the amount of the fine and costs by ten, which is the minimum number of days that the defendant must serve before being released.

In your letter you used an illustration of a person who was convicted of a misdemeanor and his penalty affixed at a fine of $1.00 and costs of $13.00, making a total of $14.00, stated the convict had served four days in jail, wished to pay the balance of his fine and costs in cash, and thereby obtain immediate relief. In this specific instance we are of opinion the defendant should be allowed credit of $1.40 per day, which at four days would amount to $5.60. Subtracting the $5.60 as jail credit, from the total amount of $14.00 would leave a balance of $8.40 which should be paid in order to obtain the release of the defendant from custody.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall

Benjamin Woodall
Assistant

BW:FL

APPROVED
OPINION
COMMITTEE

APPROVED SEP 8, 1939

ATTORNEY GENERAL